UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE PERKINS** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-3375** |
| **DAVID SWOPE ET AL.** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] to amend the Court's scheduling order to add an expert witness and to compel plaintiff Wayne Perkins ("Perkins") to undergo an independent medical examination ("IME"). The motion was filed by defendants David Swope ("Swope"), Advance Transportation Systems, Inc., and Chubb Indemnity Insurance Company (collectively, "defendants"). Perkins opposes[2] the motion. For the reasons that follow, the Court grants the motion in part and denies it in part. The motion is denied to the extent it seeks to amend the Court's scheduling order to add a medical billing expert. However, the motion is granted to the extent it seeks to compel an IME.

### I.   BACKGROUND

On June 17, 2022, Swope's tractor trailer collided with and scraped Perkins's parked tractor trailer in the parking lot of a truck stop in Robert, Louisiana.[3] Perkins filed the instant lawsuit in the 21st Judicial District Court for Tangipahoa Parish on March 6, 2023.[4] In his petition for damages, Perkins alleges that he sustained injuries

---

[1] R. Doc. No. 20.
[2] R. Doc. No. 23.
[3] R. Doc. No. 1-2 (state-court petition for damages).
[4] *See generally id.*; R. Doc. No. 20-1, at 1.

and other damages as a result of this incident.[5] Defendants removed the lawsuit to this Court on August 13, 2023, invoking diversity jurisdiction.[6]

On December 23, 2022, before the lawsuit was filed, Dr. Vinaya K. Puppala ("Puppala") performed a percutaneous discectomy procedure on Perkins.[7] The next year, on December 8, 2023, Puppala performed a lumbar hydrodiscectomy on Perkins.[8] Defendants contend that they were not given appropriate advance notice of either procedure.[9] According to defendants, they were advised of the second procedure on the morning of December 8, 2023 and were not told the procedure would be performed on the same day.[10] Defendants assert that they requested that Perkins submit to an IME before undergoing the procedure, but Perkins underwent the procedure before such an examination could be performed.[11] According to Perkins, defendants were given notice that a hydrodiscectomy was recommended through medical records produced on July 23, 2023.[12]

On December 21, 2023, defendants filed an *ex parte* motion to extend the discovery deadline from December 22, 2023 to January 31, 2024 to permit defendants

---

[5] R. Doc. No. 1-2, ¶ VIII.
[6] R. Doc. No. 1.
[7] *See* R. Doc. No. 23-5, at 26–30.
[8] R. Doc. No. 20-1, at 1.
[9] *Id.*
[10] *Id.* at 1–2.
[11] *Id.* at 2.
[12] R. Doc. No. 23, at 2–4.

to depose Puppala and any other doctor who has treated Perkins.[13] The Court granted this motion.[14]

On January 19, 2024, defendants filed the instant motion to amend the scheduling order to permit them to add a medical billing expert and to compel Swope to undergo an IME.[15] Defendants argue that they should be permitted to add a medical billing expert because, on January 11, 2024 and January 15, 2024, they learned that Puppala was disciplined by the Georgia Composite Medical Board and that a verified complaint filed in Colorado accuses him of overbilling.[16] "Defendants seek to have a medical billing expert review Dr. Puppala's billing and opine whether what allegedly occurred in the Colorado case has occurred in this case (i.e. that Dr. Puppala has billed at rates far beyond what is reasonable and customary)."[17] Defendants also argue that the Court should compel Perkins to undergo an IME because, on January 11, 2024, defendants obtained updated records showing that a doctor has recommended an "L3-4/4-5 Endoscopic DiscFX" for Perkins.[18]

In response, Perkins argues that defendants' request for leave to include an additional expert should be denied because "the sole reason for this requested extension to add additional experts is the complete lack of diligence on the part of [d]efendants" since Perkins produced medical records providing notice of a potential

---

[13] R. Doc. No. 17.
[14] R. Doc. No. 18. According to Perkins, Puppala was deposed on January 22, 2024. *See* R. Doc. No. 23, at 4.
[15] R. Doc. No. 20.
[16] R. Doc. No. 20-1, at 4.
[17] *Id.* at 4–5.
[18] *Id.* at 2.

3

second procedure on July 23, 2023.[19] Further, Perkins asserts that the proposed medical billing expert is unnecessary because, in Louisiana, tortfeasors are liable for the full costs of the tort victim's medical treatment, even in cases of overtreatment and over-billed treatment, as long as the tort victim acted in good faith in pursuing the treatment.[20] Perkins also contends that permitting defendants to add a medical billing expert five weeks before trial would prejudice plaintiff absent a continuance of various pretrial deadlines and of the trial itself.[21] Specifically, Perkins asserts that compelling an IME would prejudice him—including if the IME is conducted by defendants' existing medical expert—because Perkins's counsel would need to depose the medical expert to cross-examine him on any new opinions.[22]

## II.   STANDARD OF LAW

### a. Motion to Amend the Scheduling Order

Federal Rule of Civil Procedure 16(b)(4) governs requests to modify a court's scheduling order. Pursuant to that rule, a court's scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this context, to show good cause, the party seeking to modify the scheduling order must show "that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315

---

[19] R. Doc. No. 23, at 4–5; *see also* R. Doc. No. 23-3 (plaintiff's answers to defendants' first set of interrogatories and requests for production dated July 23, 2023), at 4–5; R. Doc. No. 23-5 (medical records produced by plaintiff with discovery responses).
[20] R. Doc. No. 23, at 6–8.
[21] *Id.* at 5–6.
[22] *Id.* at 6.

4

F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)).

In considering such requests, courts in the Fifth Circuit examine four factors: "(1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (brackets omitted). A district court's discretion to modify a scheduling order "is exceedingly wide" and the "court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (citation and quotation marks omitted).

### b. Motion to Compel an IME

Pursuant to Rule 35(a)(1) of the Federal Rules of Civil Procedure, a court may order a party whose physical condition is in controversy to submit to an IME. A court may issue an IME order "only on motion for good cause and on notice to all parties and the person to be examined." Fed. R. Civ. P. 35(a)(2)(A). An IME order "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." *Id.* 35(a)(2)(B).

"Rule 35(a) is generally construed liberally in favor of granting discovery." *Y & S Marine, Inc. v. Maza*, No.11-1425, 2011 WL 5825715, at *1 (E.D. La. Nov. 17, 2011) (Zainey, J.). "The decision as to whether or not to order an IME under [Rule] 35(a) rests in the Court's sound discretion." *Crumedy v. XYZ Ins. Co.*, No. 22-4570, 2023

5

WL 6293867 at *2 (E.D. La. Sept. 27, 2023) (Currault, J.) (citing *Glaze v. Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (McNamara, J.)).

### III. ANALYSIS

#### a. Medical Billing Expert

The Court first addresses defendants' request to modify the scheduling order to permit them to identify and retain a medical billing expert. As noted, defendants state that such an expert would "review Dr. Puppala's billing and opine whether . . . Dr. Puppala has billed at rates far beyond what is reasonable and customary[.]"[23] Having considered the relevant factors, the Court finds that defendants have not shown good cause to amend the scheduling order on this basis.

Most significantly, the Court finds that defendants' proposed testimony from a medical billing expert would be inadmissible, so the second *Squyres* factor—the importance of the modification—weighs heavily in Perkins's favor. As Perkins notes,[24] "Louisiana law is clear that '[e]ven if a tort victim has been overcharged for medical treatment, the tortfeasor is liable for the expenses unless they were incurred by the victim in bad faith.'" *Rodrigue v. Nat'l Ins. Co.*, No. 20-2267, 2021 WL 3284254, at *4 (E.D. La. July 2, 2021) (Fallon, J.) (quoting *Alexander v. Ford*, 866 So. 2d 890, 899 (La. App. 5 Cir. 2004)). "[W]hether a treating physician overcharged a plaintiff for medical service is not within the jury's province to decide." *Id.* Testimony by such

---

[23] R. Doc. No. 20-1, at 4–5.
[24] R. Doc. No. 23, at 6–8.

an expert "for the purpose of contesting the reasonableness of plaintiff's medical bills would invite the jury to do something it cannot do" and is therefore irrelevant pursuant to Rule 401 of the Federal Rules of Evidence. *Id.*; *see also Thomas v. Chambers*, No. 18-4373, 2019 WL 8888169, at *13 (E.D. La. Apr. 26, 2019) (Vance, J.) ("[N]o evidence is admissible if it is used solely to suggest to the jury that [a plaintiff's] award of past medical expenses should be reduced because the charges are unreasonably high for the treatment [the plaintiff] received.").

Accordingly, the Court in its discretion declines to amend its scheduling order to permit defendants to retain a medical billing expert for inadmissible testimony about whether Puppala's billing rates for past medical treatment are "beyond what is reasonable and customary."[25] However, the Court notes that any attorney-negotiated write-offs or discounts for medical expenses obtained as a product of the litigation process are not recoverable. *Thomas*, 2019 WL 8888169, at *2 (citing *Hoffman v. 21st Century N. Am. Ins. Co.*, 209 So. 3d 702, 706 (La. 2015)).

### b. IME

Next, the Court considers defendants' motion to compel an IME of Perkins. Defendants argue that, since another medical procedure has been recommended but not yet performed, an IME is appropriate.[26] As noted, Perkins previously underwent

---

[25] R. Doc. No. 20-1, at 5. Defendants' motion does not suggest that a medical billing expert would opine about *future* medical expenses or offer any other admissible testimony. Further, because the Court denies defendants' motion as set forth above, the Court need not address Perkins's argument that defendants' "lack of due diligence is not a valid cause for modifying a scheduling order under [Rule] 16(b)(4)." R. Doc. No. 23, at 1.

[26] R. Doc. No. 20-1, at 2.

7

a medical procedure without providing adequate notice to defendants.[27] Accordingly, the Court agrees with defendants that an IME of Perkins is appropriate.

Defendants request that such an IME be performed by defendants' previously retained medical expert, Dr. Everett Robert ("Robert"), in New Orleans, Louisiana.[28] According to defendants, it would be more efficient to have Robert—who is already an expert in this case—perform the IME rather than having a new expert perform the IME in Atlanta, Georgia, where Perkins resides.[29] Robert has advised defendants that he can produce a report within a few days of conducting the IME.[30]

In light of the uncertainty surrounding the proposed IME, defendants' motion does not specify the "time, place, manner, conditions, and scope" of the IME as required by Rule 35(a). Accordingly, the Court will grant defendants' motion to compel an IME of Perkins by Robert subject to the parties' determination of the time, place, manner, conditions, and scope of the IME.

The Court acknowledges Perkins's argument that compelling an IME and by extension permitting Robert to supplement his report would prejudice Perkins given that the trial date is only five weeks away.[31] At this time, however, there is no motion to continue before the Court.

---

[27] *Id.*
[28] *Id.* at 3.
[29] *Id.* at 3–4.
[30] R. Doc. No. 20, at 1.
[31] *See* R. Doc. No. 23, at 1.

## IV. CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that defendants' motion is **GRANTED IN PART** and **DENIED IN PART**. The motion is **DENIED** to the extent it seeks to amend the scheduling order to permit defendants to add a medical billing expert. The motion is **GRANTED** to the extent it seeks to compel an IME of plaintiff by Dr. Everett Robert, subject to the parties' determination of the time, place, manner, conditions, and scope of the IME.

New Orleans, Louisiana, January 26, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**